IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
MAY 30 2005
RALPH L. DeLOACH, Clerk
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 03-10053-01-JTM |
| Plaintiff, ) | Civil Action 05-3196 |
| ) | |
| v. ) | DEFENDANT'S RESPONSE TO UNITED |
| ) | STATES' MOTION TO DISMISS DEFENDANT'S |
| GERALD LEE DUNNEGAN, ) | 28 U.S.C. §2255 MOTION FOR LACK |
| Movant. ) | OF JURISDICTION |

## DEFENDANT'S RESPONSE TO UNITED STATES' MOTION
## TO DISMISS DEFENDANT'S 28 U.S.C. §2255 MOTION
## FOR LACK OF JURISDICTION

COMES NOW, Movant, GERALD LEE DUNNGEGAN, and respectfully moves this court to deny **UNITED STATES' MOTION TO DISMISS DEFENDANT'S 28 U.S.C. §2255 MOTION FOR LACK OF JURISDICTION** filed by Jill P. Furman (a trial attorney for the Department of Justice) with this court on May 13, 2005.

Movant asserts that the government's request lacks any merit or legal basis for consideration.

### DISCUSSION OF GOVERNMENT'S MOTION

1.) Plain Language of 28 U.S.C. §2255

The government asserts that "The defendant is precluded from challenging the forfeiture and fine amount imposed by the Court". (Motion to Dismiss p.2) The government then claims that the "plain language" of §2255 precludes anyone from filing under this section that is not claiming a right to "be released from custody". Such an assertion is ridiculous. Not only does §2255 not contain any such verbage, the relevant portions

of §2255 fully support Movant's use of this section to challenge the illegality of his sentence.

Paragraph One of §2255 indicates that this section is the appropriate remedy for a variety of circumstances including sentences imposed in violation of the constitution or laws of the United States, a sentenced imposed that exceeded the jurisdiction of the sentencing court, a sentence exceeding the statutory maximum, or a sentence otherwise subject to collateral attack. Any challenge which falls into the category of one of these four provisions is appropriately challenged under the scope of §2255. **Jackson v. United States**, 495 F.2d 349 (8th Cir. 1974), See also **Tyler v. United States**, 361 F.2d 862 (10th Cir. 1966).

Paragraph One also indicates the court's options to vacate, set aside, or correct the sentence. If §2255 was read as the government claims, then "correct the sentence" would become superfluous as one seeking a "correction of sentence" need not be seeking "release from custody". Nor, if construed as the government would have this court do, would the option of resentencing be available because, once again, resentencing would not necessarily equate to "release from custody".

This is further supported in Paragraph Two, which indicates that if the court deems relief is appropriate, the Court;

> "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or **correct the sentence as may appear appropriate**." 28 U.S.C. §2255
> (Emphasis Added)

A corretion of an illegal sentence is precisely what Movant has requested and what §2255 provides. Furthermore, Movant has already pointed out (and the government has apparently declined to contradict) the forfeiture and fine are <u>part</u> of

-2-

the sentence. (See Movant's Opening Brief p.8-9). Thus, the forfeiture and fine, being a part and portion of an illegal sentence as outlined in §2255, are subject to attack under this section.

2.) Purpose of 28 U.S.C. §2255

The underlying purpose of this section is to remove possibility of survival of injustice beyond trial and appeal. **United States v. Lewis, 392 F.2d 440 (4th Cir. 1968)** Futhermore, the purpose of §2255 is not, as the government claims, to end a prisoner's sentence, but to challenge the legality of it. **Cain v. Markley, 347 F.2d 408 (7th Cir. 1965)**

In the case at bar, that is precisely what Movant is challenging. The legality of specific portions of a sentence.

§2255's sole purpose in authorizing motions for correction of sentence was to minimize difficulties encountered in habeas corpus hearings by affording same rights in another and more convenient forum, and it was not purpose of this section to impinge upon prisoners' rights of collateral attack upon their convictions. **United States v. Hayman, 72 S.Ct. 263, 342 U.S. 205, 96 L.Ed 232;** See also **Kahl v. United States, 204 F.2d 864 (10th Cir. 1953).**

A quick review of §2241 indicates, much as §2255, no prohibition on attacking a sentence (such as the government would claim exists). If indeed §2255 is to be construed as being an alternative version of a habeas petition affording the same rights, then there can be no doubt it is the proper method of challenging the issues present in the case at bar.

§2255 was enacted to provide an expeditious remedy for

correcting erroneous sentences of federal prisoners without resort to habeas corpus. **Sanders v. United States**, (1963) 83 S.Ct. 1068, 373 U.S. 1, 10 L.Ed.2d 148; See also **Burns v. United States**, 321 F.2d 893 (8th Cir. 1963)

Congress furthermore enacted the provision authorizing motion to correct illegal sentence with the intention that the statute serve as *primary* method of collateral attack on federally imposed sentences. **United States v. Jordon**, 915 F.2d 622 (11th Cir. 1990) "Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. §2255" **Sawyer v. Holder**, 326 F.3d 1363, 1365 (11th Cir. 2003)

Lastly, a motion under this section is the exclusive relief for a prisoner who seeks relief from a federal sentence. **Baker v. Sheriff of Sante Fe County**, 477 F.2d 118 (10th Cir. 1973) It is also the exclusive remedy with respect to contention that sentence was imposed in violation of the Constitution or laws of the United States. **Scherl v. United States**, 411 F.Supp. 952 (D.C.N.Y. 1976)

In every instance the application and purpose of §2255 motions comports with Movant's assertion that this court has subject matter jurisdiction.

3.) Additional Factors Relevant to Jurisdiction

In addition to the general application references made above, there are numerous specific aspects of the instant matter which warrant jurisdiction under §2255.

Movant has asserted and shown various ways in which his constitutional rights have been violated. A motion to vacate,

set aside, or correct sentence is available when defendant's constitutional rights have been denied. **Gaitan v. United States**, **317 F.2d 494 (10th Cir. 1963)** Constitutional defects in process are cognizable on motion to vacate, set aside, or correct sentence. **Jackson v. United States, 495 F.2d 349 (8th Cir. 1974)**

Movant has further asserted ineffective assistance of counsel claims. Claims of ineffective assistance are not properly raised on appeal, but are to be made under §2255 in the district court of sentencing. **United States v. Thompson, 972 F.2d 201 (8th Cir. 1992)** The viewpoint that the preferred avenue for challenging effectiveness of defense counsel is by collateral attack was adopted, as well, by the 10th Circuit in **United States v. Kay, 961 F.2d 1505 (10th Cir. 1992)**; See also **Beaulieu v. United States, 930 F.2d 805 (10th Cir. 1991)**

Numerous other courts have similarly found that claims of ineffective assistance of counsel <u>may be properly raised</u> under this section. **Thor v. United States, 574 F.2d 215 (5th Cir. 1978)**; **Reed v. United States, 354 F.2d 227 (5th Cir. 1965)**; **Hannigan v. United States, 341 F.2d 587 (10th Cir. 1965)**; **Frand v. United States, 301 F.2d 102 (10th Cir. 1962)**

Movant has further asserted that the plea agreement entered into was not done knowingly or voluntarily. A conviction based on a guilty plea not voluntarily, knowingly and intelligently made is subject to collateral attack. **Bartlett v. United States, 354 F.2d 745 (8th Cir. 1966)**; See also **Hudgins v. United States, 340 F.2d 391 (3rd Cir. 1965)**. It is also interesting to note that the 8th Circuit found that compliance with rule 11, Federal Rules of Criminal Procedure, Title 18, does not act as an absolute

bar to subsequent collateral attack upon voluntariness of a guilty plea. **United States v. Goodman, 590 F.2d 705 (8th Cir. 1979)** It is interesting, because it clearly indicates that §2255 is meant to be a wide-ranging remedy subject to a liberal construction. That same philosophy would apply in considering the decision reached in **United States v. Busse, 814 F.Supp. 760, (E.D.Wis. 1993)**, that the district court had jurisdiction to entertain defendant's motion to vacate sentence on ground of ineffective assistance of trial counsel, notwithstanding defendant's pending appeal.

The government also asserts that one cannot challenge a fine under §2255. However, in a case where the defendant pleaded guilty to unlawful sale of narcotics and was not informed that he could be fined as well as imprisoned, judgment and sentence would be vacated insofar as it exacted a fine. **Fong v. United States, 411 F.2d 1181 (9th Cir. 1969)** Not only does this contradict the government's unsupported claim, it further supports Movant's already stated position that this court has jurisdiction and authority to correct portions of the sentence. See also **Santiago v. United States, 889 F.2d 371 (1st Cir. 1989)**, the court there indicating that this section was appropriate avenue for defendant to challenge imposition of fine.

Movant has also charged that erroneous information was used by the sentencing court in the case at bar. In limited circumstances, motion to vacate or correct sentence is available to test whether information in PSR was relied upon by sentencing judge and whether such information was erroneous. **Avery v. United States, 494 F.2d 33 (5th Cir. 1974)**

Movant has further shown the illegality of the sentence itself. This section does establish subject matter jurisdiction for enumerated claims which relate to legality of sentence. **Lee v. United States, 501 F.2d 494 (8th Cir. 1974)**

In each of these instances, it is clear that §2255 is provided as a remedy for the claims brought forth by Movant in the instant matter. In none of these instances is a caveat regarding motions requiring "release" as the sole objective of the claim present.

4.) Liberal Interpretation of Pro Se Motion is Applicable

Movant in the case at bar is proceeding pro se, and possesses a very limited knowledge of the law, and even less regarding procedure. If a prisoner is entitled to relief he prays for in a postconviction petition, it will be granted irrespective of designation of petition. **Meyer v. United States, 424 F.2d 1181 (8th Cir. 1970)** A federal district court is _not_ bound by the label attached to the remedy pursued by a prisoner challenging a sentence in a post conviction proceeding, but rather a duty exists to exercise jurisdiction on basis of factual circumstances involved. **Burns v. United States, 321 F.2d 893 (8th Cir. 1963)**; See also **Helms v. Blackwell, 367 F.2d 149 (5th Cor. 1966)**

Movant fully believes that §2255 is the proper venue for challenging the aspects of the sentence as argued, but would respectfully request this court to consider the above points when deliberating as to the appropriateness.

5.) Government's Case Authority is Weak and Ineffectual

In it's motion to dismiss, the government cites several

-7-

cases which ostensibly support their position. An examniation of the cases, however, indicates that they do not.

**Rhodes v. Hannigan** (Motion to Dismiss p.2)

The government is correct in it's assertion that a §2255 motion is available to a prisoner claiming the right to be released. The government is also correct in it's assertion that a §2255 motion is available to attack the "fact or duration" of a prisoner's sentence. In fact, a §2255 motion is likely the sole remedy in most instances described, but the government asks the court to make a massively obtuse leap of logic. They would seem to assert that because this section is the sole remedy for several claims, that it follows that its the sections sole purpose. That's a leap of logic not even a frog on steroids could make. Nowhere in **Rhodes** does the court indicate that a §2255 motion is an inappropriate remedy to challenge any of the aspects that are being challenged in the instant matter, with regard to the illegal sentence imposed or the violation of Movant's constitutional rights.

**United States v. Segler** (Motion to Dismiss p.2)

The government quotes the above case, indicating that a fine as it relates to a claim of ineffective assistance is not challenged properly under a §2255 motion. The government would assert that this court should dismiss the present motion based in part on this case authority. Movant would ask the government why the court in the case at bar should do something contrary to the case authority it cites? Neither the district court in **Segler**, nor the Fifth Circuit dismissed that §2255 petition for lack of jurisdiction. The court did indicate

-8-

several things which distinguish **Segler** with the instant matter.

First, the court there noted;

> "...a prisoner's ineffective assistance of counsel claim falls within the scope of §2255; if, as here, it relates only to the imposition of a fine, his claim falls outside §2255." **United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994)**

In the instant matter, Movant's ineffective assistance claim is not soley related to the imposition of a fine. The **Segler** court actually supports Movant's assertion that §2255 is the appropriate remedy for his ineffective assistance claims.

Second, the court also noted that;

> "We do not reach the question of whether such a sentence would bring his fine-related Sixth Amendment claim within §2255" (id at 1137 n.13)

Third, in **Segler** the defendant was challenging the fact that his counsel failed to object to a legal fine amount. This is not the case in the instant matter, where Movant challenges the fine amount based not only on ineffective assistance - but also on the illegality of the fine amount itself. As Movant has pointed out, the district court itself erred in applying weight enhancements without a factual determination, which increased the fine amount. Irrespective of Movant's ineffective claims, the sentence and fine are still illegal, and still subject to collateral attack under §2255.

The Fifth Circuit also references a case from the First Circuit, **Vela-Fossas v. United States, 1990 WL 443937 (1st Cir. Sept. 7, 1990)**, where the First Circuit rendered a decision contrary to that reached in **Segler**.

In the instant matter, Movant did not originally challenge

any aspects of custody, because to do so (with only 3 weeks remaining on the term of imprisonment) would have been pointless. Movant will address this issue shortly.

The remainder of the cases cited by the government from **Bernard** on (Motion to Dismiss pg.3) are likewise completely distinguished and do not even support the government's contentions.

In **Bernard**, for example, the court was addressing an issue of restitution. In the case at bar, there is no restitution order, because there were no victims. Furthermore, in the **Bernard** case, the court noted that a challenge to a restitution order (based on ability to pay) already exists within Title 18 U.S.C.A. §3664(k). The statute provides a method of relief specific to a restitution order. Such is not the case with an order of forfeiture.

The remaining cases (cited in **Bernard**), are all likewise distinguished as even the government would admit, acknowledging that their holdings are the "same". The final case cited by the government, **Watroba** goes completely off-base, as the court there was discussing challenging costs of imprisonment and supervised release.

CONCLUSION

Section 2255 clearly provides the appropriate remedy for the issues brought forth by Movant in the instant matter. There exists nothing in the Government's request to dismiss that would convincingly contradict that fact. The Government has also failed to show any instance in law wherein a court has actually stated anything that would directly support their

claims.

Nevertheless, if necessary, Movant will amend his prayer for relief if it will pacify the attorney for the government.

Wherein, Movant respectfully requets this court to;

1.) Grant the relief sought in Movant's original motion;

2.) Make a finding that the district court's improper weight enhancement (which resulted in a higher guidelines range) was illegal, resulting in an inappropriate 5pt enhancement;

3.) To remove that 5pt enhancement, which will place Movant in a guideline range which will result effectively in time being served;

4.) To order the immediate release of defendant.

Respectfully Submitted,

*[signature]*
GERALD LEE DUNNEGAN, Pro Se

CERTIFICATE OF SERVICE

I, Gerald Lee Dunnegan, hereby certify that I have served a true and correct copy of the foregoing **Defendant's Response to United States' Motion to Dismiss Defendant's 28 U.S.C. §2255 Motion for Lack of Jurisdiction**

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **Houston v. Lack**, **101 L.Ed.2d 245 (1988)**;

Upon defendants and/or his attorney/attorneys of record by placing the same in a sealed, postage-paid envelope addressed to:

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
444 S.E. QUINCY
ROOM 490
TOPEKA, KS 66683

and;

JILL P. FURMAN
U.S. DEPARTMENT OF JUSTICE
OFFICE OF CONSUMER LITIGATION
P.O. BOX 386
WASHINGTON, D.C. 20044

And deposited same in the United States Mail Deposit Box, Federal Prison Camp, El Reno, Oklahoma on this 25th day of May, 2005

Gerald Lee Dunnegan
09614-031
Pro Se