IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GERALD LEE DUNNEGAN,

    Defendant.

Case No. 03-10053-01-JTM

No. 05-3196-JTM

MEMORANDUM AND ORDER

This matter is before the court on defendant-petitioner Gerald Lee Dunnegan's Motion pursuant to 28 U.S.C. § 2255 to modify his $25,000 fine as well as the court-ordered forfeiture of $410,466.53, the amount of the illegal proceeds derived from his distribution of unlawful fireworks and explosive devices. As relief, Dunnegan's motion seeks (a) reduction of the forfeiture amount to $389,011.24 or less, and (b) a recalculation of the amount of the fine. (Dkt. No. 99).

The court will deny Dunnegan's motion. Section 2255 does not provide for universal jurisdiction for all challenges to court-imposed criminal or quasi-criminal sanctions. Instead, the statute provides: "A prisoner in custody under sentence of a [federal] court claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute by its own terms thus provides no jurisdiction for the court to hear the arguments advanced by persons who are not "claiming the right to be released." The statute authorizes neither a challenge to a criminal fine, *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir.

1994) (quoting *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990) (a "monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes"), nor a forfeiture, *Anderson v. United States*, No. 96-4025, 2000 WL 380081 (7th Cir. 2000) ("to the extent that Anderson is challenging the forfeiture of his property, that claim is not cognizable under § 2255").

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the defendant-petitioner's Motion for Relief under § 2255 (Dkt. No. 99) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
